

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 19, 1977

Dr. Charles Lemaistre
Chancellor
The University of Texas System
201 West 7th Street
Austin, Texas 78701

Opinion No. H-994

Re: Whether committee appointed
by chairman of Board of Regents
to study process for selecting
chief administrative officers is
subject to the Open Meetings Act.

Dear Dr. Lemaistre:

You have asked our opinion on the applicability of the Texas Open Meetings Act, article 6252-17, V.T.C.S., to a committee appointed by the Chairman of the Board of Regents. The committee, designated the "Committee to Study the Selection Process of Chief Administrative Officers of the Component Institutions of The University of Texas System," is composed of three regents, the presidents of three institutions in the University of Texas system, one representative from the Ex-Students' Association, four faculty members, and four students. The Board of Regents authorized the Committee to make an extensive study of the process of selecting a chief administrative officer and to submit its recommendations to the Board. You advise us that this is an example of numerous committees established in the University System.

The Open Meetings Act applies to every "meeting" of a "governmental body" as those terms are defined in the Act. Section 1(c) of the Act provides in part:

> "Governmental body" means any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members. . . .

Section 1(a) provides in part:

> "Meeting" means any deliberation between a quorum of members of a governmental

> body at which any public business or public
> policy over which the governmental body has
> supervision or control is discussed or con-
> sidered, or at which any formal action is
> taken.

The Committee is an entity within the executive branch com-
posed of appointed members. See Attorney General Opinions
H-772 (1976); H-438 (1974); M-136 (1967). It therefore meets
the statutory definition of governmental body.

If the Committee meets to discuss "any public business or
public policy over which [it] has supervision or control,"
its meetings will be covered by the Act. In Attorney General
Opinion H-772 (1976), we determined that the Open Meetings Act
did not apply to a purely advisory body which had no power to
supervise or control public business. In determining whether
a governmental body has such power we have looked to the
resolutions that define its powers, and we have indicated that
the evidence may show that it exercises additional authority
as a matter of practice. See Attorney General Opinion H-438
(1974). The resolution creating the Committee states that it
is to make an extensive study of the selection process and
submit its recommendations to the Board of Regents. This res-
olution appears to make the Committee an advisory body only,
without power to supervise or control public business. We
have been supplied no facts as to how the Board looks upon
the committee's recommendations -- whether it accepts them as
final decisions, or merely considers them along with other
information and opinions. In the absence of facts showing
that the Committee is more than an advisory body, we cannot
say that its meetings are required to be open by the Open
Meetings Act.

We think that the presence of three Regents on the fifteen-
member committee does not bring it within the provisions of the
Open Meetings Act as a committee of the Board. See Attorney
General Opinions H-238 (1974); H-3 (1973). Cf. Open Records
Decision No. 82 (1975) (report by committee of four Regents).
We have determined that committees of boards subject to the
Act are themselves subject to it, noting the danger that the
full board might become the rubber stamp of its committees.
We think that this danger is diminished in the present case
by the appointment of twelve other members who might repre-
sent different viewpoints within the university system. We
strongly caution, however, that should the council actually
function as a committee of the Board or as something more than

an advisory body, and in fact supervise or control public business or policy, it will have to comply with the Act's provisions on notice and public meetings. In that instance, its members may be subject to sanctions imposed for failure to comply with the Act. V.T.C.S. art. 6252-17, § 4; Attorney General Opinion H-772 (1976).

## S U M M A R Y

The "Committee to Study the Selection Process of Chief Administrative Officers of Component Institutions of The University of Texas System" appointed by the Chairman of the Board of Regents is not required to comply with the Open Meetings Act, so long as it has no supervision or control over public business or policy; however, the facts may be such that the Committee will be brought within the coverage of the Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml